UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DEMETRIUS MILTON                     CIVIL CASE NO. 1:08-CV-1854

VERSUS                                JUDGE TRIMBLE

BOISE CASCADE LLC                     MAGISTRATE JUDGE KIRK

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW,** Plaintiff Demetrius Milton and having filed his response in opposition to Defendant's Motion for Summary Judgment, submits his Memorandum Brief in Opposition and would show unto the Court as follows:

### I.   STATEMENT OF MATERIAL FACTS

Plaintiff, Demetrius Milton ("Plaintiff"), an African American male, was hired on October 1, 2007 at Boise Cascade ("Defendant") in Lena, Louisiana. Milton was a line operator working for the defendant on a full time basis. He was considered to be a model employee with the Defendant, especially with his immediate supervisor, Chad Glorioso.

However, in a written reprimand dated October 11, 2007, Glorioso alleged that the Plaintiff had taken a longer break in the training room. Prior to the written reprimand, Glorioso threatened the Plaintiff that he would be "watching" him.

On February 21, 2008, Plaintiff was issued a written warning by Glorioso in which he alleged that the plaintiff did not report to work. Glorioso was aware that the plant had been shut down on that date and that no one had been working. The written warning was eventually destroyed.

On April 1, 2008, Plaintiff was issued a reprimand for excessive absences that were either medically excused or he had the prior consent of his employer to take the absence. On April 23, 2008, Plaintiff overheard a fellow employee, a Caucasian male, state that if he did not get the day off for a vacation that he would bring a AK-47 to work. No one was reprimanded for the statement despite management being warned of this statement.

Also in April 2008, plaintiff observed two fellow employees, both Caucasian males, hanging a noose on the line where he worked. He reported this to management but there were no reprimands for either employee.

Plaintiff was absent on May 2, 2008 because of the previous incident regarding the noose. Because of the incident, plaintiff began to suffer anxiety and stress. He was contacted by his employer on May 5, 2008 and informed that he was being placed on suspension for his excessive absences. Plaintiff was subsequently terminated from his employment on May 9, 2008.

Plaintiff filed a charge of discrimination with the Equal Opportunity Employment Commission who issued him a right to sue letter and eventually filed a lawsuit against the Defendant for race discrimination and retaliation. Based on the evidence, Plaintiff has presented a compelling case against the Defendant and the case should proceed to trial.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue [**9]  as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

Assuming the plaintiff has exhausted his administrative remedies, then he can prove a claim of intentional discrimination or retaliation either by direct or circumstantial evidence. *Grice v. FMC Techs. Inc.,* 216 Fed. Appx. 401, 405 (5th Cir. Tex. 2007)

To determine whether a claim falls under the premise of discrimination, courts generally turn to the analysis set for in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).  Under *McDonnell Douglas*, the plaintiff must first establish a prima facie case of his claim. For race discrimination, this requires the plaintiff to show that: (1) he is a member of a protected group; (2) he was qualified for the position at issue; (3) he was discharged or suffered some adverse [**11]  employment action by the employer; and (4) he was replaced by someone outside his protected group or he was treated less favorably than other similarly situated employees outside the protected group. *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005).

For retaliation, the plaintiff must establish that: (1) he participated in an activity  [*406] protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003).  If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action.

### III. ARGUMENT

**A. Plaintiff has presented evidence that race discrimination was a motivating factor for his written reprimands and subsequent termination.**

Plaintiff can make a prima facie case of discrimination. He is a member of a protected class in that he is African American.  There is no dispute that the Plaintiff was qualified to

perform the duties as a line operator and was even complimented for his work ethic. His immediate supervisor admitted that the Plaintiff was a model employee.  However, Plaintiff suffered an adverse action in that he when he complained to management about the noose being hung, nothing was done to the white employees who participated in the activities but he was eventually suspended and subsequently terminated. Based on the facts of the case, the Plaintiff met the requirements of McDonnell Douglas for discrimination.  The Caucasian employees were treated better than the Plaintiff which will be proven at a trial.  Therefore, the Motion for Summary Judgment should be denied.

**B. Plaintiff has presented sufficient evidence that he was retaliated against by Boise.**

Plaintiff has was retaliated against for complaining about the noose being found on the line.  This was further shown by the fact that the Plaintiff was terminated in what was considered a move by management because of his numerous absences.   Termination from a position is an adverse employment action. Plaintiff was constantly a victim of harassment and threats by management and by fellow employees. Plaintiff suffered an adverse action which will be sufficiently shown at trial.

Finally, a causal connection exists between the protected activity and the adverse employment action.  In the action above, the Plaintiff was terminated only after he complained about the noose being found on the line. Defendant's contention that he was terminated because of the excessive absences were proven invalid in that the most of the absences were excused. Plaintiff has triable issues of fact as to his retaliation claims.  Defendant's Motion for Summary Judgment should be denied.

## IV. CONCLUSION

Accordingly, for the above reasons, Defendant's Motion for Summary Judgment should be denied in all respects.

Respectfully submitted,

/s Tamara S. Battles

TAMARA S. BATTLES
Bar Roll No. 31031
P.O. Box 265
Alexandria, LA 71309
Telephone: (318) 443-7281
Facsimile: (318) 443-6819

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this 4th day of January, 2011, I caused a true and correct copy of the foregoing motion to be mailed through United States mail, postage prepaid, to the following:

Keith M Pyburn, Jr
Fisher & Phillips
201 Saint Charles Avenue
Suite 3710
New Orleans, Louisiana 70170

Attorneys for Boise Cascade LLC